**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| COREY S. RIBOTSKY, | Case No. 25-12094 (DSJ) |
| Debtor. | |

## DECISION AND ORDER GRANTING SECURITIES AND EXCHANGE COMMISSION'S MOTION TO DISMISS DEBTOR'S CHAPTER 11 CASE WITH PREJUDICE AND DENYING DEBTOR'S MOTION TO EXTEND STAY

**APPEARANCES:**

**COREY S. RIBOTSKY**
*Pro Se*
P.O Box 248
Old Westbury, NY 11568

**THE KRUPNICK FIRM**
*Counsel for Creditor*
56 Hammond Road
Glen Cove, NY 11542
By:    Kevin Phillip Krupnick

**U.S. SECURITIES AND EXCHANGE COMMISSION**
U.S. Securities and Exchange Commission
100 Pearl Street
New York, NY 10004
By:    Patricia Schrage
        Neil Jacobson

**ANNIE WELLS**
Office of the United States Trustee
Alexander Hamilton U.S. Custom House
One Bowling Green
New York, NY 10004
By:    Annie Wells

**HONORABLE DAVID S. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

Before the Court is the motion of the U.S. Securities and Exchange Commission ("**the**

**SEC**") to dismiss the bankruptcy case of Corey S. Ribotsky (**"Debtor"** or **"Ribotsky"**) pursuant

1

to section 1112(b) of the Bankruptcy Code or, in the alternative, to convert the case to chapter 7 (the "**Motion**"). The SEC argues that the case should be dismissed because the Debtor's bankruptcy petition was filed in bad faith without a legitimate bankruptcy purpose, but rather with the intention to avoid post-judgment discovery requests, and further because this case is in essence nothing more than an effort to open a new front in a two-party dispute between the Debtor and the SEC. Extensive litigation has already occurred in district court and is ongoing, and the SEC urges dismissal so that it can continue pursuing discovery in the district court proceeding.  The Debtor filed an objection (the "**Objection**"), arguing that he filed his petition as part of a good faith effort to reorganize and comprehensively resolve his affairs with his creditors. Additionally, Debtor contends that the SEC misrepresents the record of prior proceedings and has not met its evidentiary burden to establish bad faith. Debtor also filed a motion to extend the automatic stay pursuant to section 362(c)(3)(B) of the Bankruptcy Code.[1] *See Motion to Extend Automatic Stay Pursuant to 11 U.S.C. § 362(c)(3)(B)*, Dkt. No. 12.

Prior to the commencement of this bankruptcy case, the U.S. District Court for the Eastern District of New York entered a $14,500,000 judgment against the Debtor, in connection to a 2011 SEC complaint filed against the Debtor for violations of federal securities laws (the **"SEC Civil Enforcement Action"**). The Krupnick Firm ("**Krupnick**") represented Debtor in the SEC Civil Enforcement Action, that firm and is a creditor in this bankruptcy case.

On March 26, 2026, the Court conducted a hearing on both motions, during which the Court observed that at the time of the hearing, Debtor's opposition was the sole opposition filed on the docket. In the hours following the hearing, an opposition signed by Krupnick but filed by

---

[1] Krupnick filed a motion to join Debtor's motion to extend the automatic stay. *See* Dkt. No. 17.

Ribotsky was entered on the docket ("**Krupnick Opposition**"). On April 1, 2026, Krupnick filed the same documents on the docket. *See First Motion to Extend Time*, Dkt. No. 55.

For reasons explained further below, the SEC's motion to dismiss Debtor's bankruptcy case is granted because the facts presented establish that Debtor's petition was filed in bad faith. Consequently, Debtor's motion to extend the automatic stay is denied as moot.

## BACKGROUND

### A. The Debtor's Bankruptcy

Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on September 25, 2025. *See Chapter 11 Voluntary Petition for Individual*, Dkt. No. 1 ("**Petition**"). Debtor is an individual with no reported assets, and reports less than $40,000 in gross annual income. *Id.* Debtor resides in an Upper East Side residence with his non-debtor spouse and daughter, the rent and expenses of which are paid by his non-debtor spouse. *See Schedule J – Individual*, Dkt. No. 11. The overwhelming majority (in dollar amount) of Debtor's liabilities consists of $14,500,000 in non-dischargeable debt owed to the SEC pursuant to a 2013 consent judgement. Debtor's remaining scheduled or reported liabilities include: 1) $345,498 owed to The Krupnick Firm for legal services in connection to the SEC litigation; 2) $36,240 in student loans owed to the U.S. Department of Education; and 3) an unknown amount owed to PSEG. *See Declaration About Individual Debtor's Schedules*, Dkt. No. 10.

The SEC in its Motion and Reply contends that Debtor has undisclosed assets and a hidden income stream. Specifically, the SEC identified a bank account owned by Krupnick-Ribotsky Ltd. ("**KRL**"), a company where Debtor was listed as the co-owner and signatory on certain 2022 and 2023 financial documents. *See Declaration in Support of Motion to Dismiss*, Exs. 2 & 3, Dkt. No. 28. The SEC further alleges that the Debtor used undisclosed assets from KRL to cover personal

expenses including over $146,000 in rental payments for an Upper East Side apartment where he currently resides. *See* Motion at 8. As stated earlier, Debtor maintains that his non-debtor spouse pays the rent for the apartment. The Court did not conduct an evidentiary hearing and makes no findings as to whether Debtor has hidden assets or income.

### B.  The SEC Civil Enforcement Action and Resulting Consent Judgment

On August 17, 2011, the SEC filed a complaint against The NIR Group, LLC (Debtor's former investment advisory firm), the Debtor individually, and other parties in the United States District Court for the Eastern District of New York alleging violations of anti-fraud provisions of the federal securities laws. *See* Complaint, *S.E.C. v. The NIR Group, LLC et al.*, No. 11-cv-04723 (JMA) (AYS) (E.D.N.Y. Sep. 28, 2011), ECF No. 1. On November 13, 2013, the district court entered a final consent judgment against Debtor in the amount of $14.5 million, without making any findings of fact or conclusions of law. *See* Judgement, *S.E.C. v. The NIR Group, LLC et al.*, No. 11-cv-04723 (JMA) (AYS), ECF No. 90. The judgement amount consisted of 1) disgorgement of $12,500,000 for profits gained through the means alleged in the complaint; 2) $1,000,000 in prejudgment interest; and 3) $1,000,000 as a civil penalty. *See id.*

### C.  Debtor's Previous Bankruptcy Cases

On December 17, 2014, Ribotsky filed his first bankruptcy case, a chapter 7 proceeding that in the Eastern District of New York, one month after the SEC indicated its intention to initiate collection efforts on its judgment. *See* Motion at 4; Chapter 7 Voluntary Petition, *In re Corey Ribotsky*, No. 14-75575 (AST) (Bankr. E.D.N.Y. Dec. 17, 2014), ECF No. 1. On January 26, 2016, Debtor received a general discharge. *See* Order Discharging Debtor, *In re Corey Ribotsky*, No. 14-75575 (AST), ECF No. 94. On June 19, 2018, Ribotsky's first chapter 7 bankruptcy case was closed. *See* Final Decree Chapter 7, *In re Corey Ribotsky*, No. 14-75575 (AST), ECF No. 132.

On October 10, 2022, in the midst of resumed SEC judgment enforcement efforts and on the eve of depositions that the SEC had requested, Ribotsky filed for chapter 11 bankruptcy protection, again in the U.S. Bankruptcy Court for the Eastern District of New York. *See* Motion at 5; Chapter 11 Voluntary Petition for Individuals, *In re Corey S. Ribotsky*, 22-72781 (AST) (Bankr. E.D.N.Y. Oct. 10, 2022), ECF No. 1. That case was eventually dismissed for failure to pay the filing fee. *See* Order Dismissing Case for failure to pay the chapter 11 filing fee with Notice of Dismissal, *In re Corey S. Ribotsky*, 22-72781 (AST), ECF No. 16.

On February 17, 2023, within one year of his second bankruptcy filing, Ribotsky again filed a bankruptcy petition, this time under chapter 7. *See* Chapter 7 Voluntary Petition for Individuals, *In re Corey S. Ribotsky*, No. 23-70583 (AST) (Bankr. E.D.N.Y. Feb. 17, 2023), ECF No. 1. The bankruptcy court in that third case denied a motion by Debtor seeking to extend the automatic stay to the SEC after having previously granted an extension of the stay, with the result that the SEC could continue with its enforcement efforts. *See* Order Vacating Extension of Automatic Stay as to SEC, *In re Corey S. Ribotsky*, No. 23-70583 (AST), ECF No. 28. On the question of the dischargeability of the SEC's consent judgment, on December 21, 2023, the bankruptcy court granted summary judgment in part for the SEC, holding that the $1,000,000 penalty owed as part of the total $14,500,000 judgement was non-dischargeable under section 523(a)(7) of the Bankruptcy Code as it constituted a "fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss." *See* Order Granting in Part and Denying in Part Cross Motions for Summary Judgment, *In re Corey S. Ribotsky*, No. 23-70583 (AST), ECF. No. 52. On January 10, 2025, after an evidentiary hearing, the bankruptcy court held that the remaining $13,500,000 of the money judgement (representing the disgorgement of profits and pre-judgment interest) was non-dischargeable as a judgment in

connection to "violation of any of the Federal securities laws" under section 523(a)(19) of the Bankruptcy Code. *See* Order and Judgement, *In re Corey S. Ribotsky*, No. 23-70583 (AST), ECF. No. 110. On March 23, 2026, District Judge Joan M. Azrack affirmed the bankruptcy court's decision. *See Ribotsky v. S.E.C*, No. 25-cv-00349 (JMA), (E.D.N.Y. Mar. 23, 2026), ECF. No. 16.

On August 24, 2025, Debtor filed a chapter 11 petition in this District—his fourth bankruptcy filing since the SEC obtained its consent judgment against him. *See* Chapter 11 Voluntary Petition for Individual, *In re Corey S. Ribotsky*, No. 25-11781 (PB) (Bankr. S.D.N.Y. Aug. 14, 2025), ECF. No. 1. Debtor voluntarily dismissed that case one month later. *See* Order Dismissing Chapter 11 Case, No. 25-11781 (PB), ECF. No. 16.

On September 15, 2025, the SEC filed a motion for discovery and a status update letter to the District Court, stating its desire for further inquiry concerning the financial affairs of Debtor and KRL. *See* Motion for Discovery and Status Update on Productions Compelled by Court Order, *S.E.C. v. The NIR Group et al.*, No. 11-cv-04723 (JMA) (AYS) (E.D.N.Y. Sep. 15, 2025), ECF No. 172. On September 19, 2025, Krupnick (on behalf of Debtor) filed an Opposition to the SEC's discovery motion. *See* Opposition to Motion for Discovery, *S.E.C. v. The NIR Group et al.*, No. 11-cv-04723, ECF No. 173.

On September 23, 2025, the SEC filed a discovery status update letter notifying the court of ongoing issues as to discovery. The letter explained that the SEC intended to seek information as to the KRL entity and related bank account records. *See* Reply to Opposition to Motion for Discovery, *S.E.C. v. The NIR Group et al.*, No. 11-cv-04723, ECF No. 174. Two days later, Debtor filed the instant bankruptcy case, his fifth since the SEC began its enforcement efforts against him.

**D. The SEC's Motion to Dismiss This Case**

On January 16, 2026, the SEC filed its Motion to dismiss this case or in the alternative to convert the case to chapter 7. *See* Dkt. No. 27. On February 13, Debtor filed his Opposition to the Motion. *See* Dkt. No. 37. Following the filing of additional pleadings, the Court heard argument on March 26, and reserved judgement. As stated earlier, after the hearing, an opposition signed by Kevin Phillip Krupnick but filed by Ribotsky was filed on the docket. *See* Dkt. No. 49. On April 1, the Krupnick Firm filed the same opposition. *See* Dkt. No. 55.

## JURISDICTION

This Court has jurisdiction over this bankruptcy case pursuant to 28 U.S.C. §§ 157(b) and 1334. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b) because it concerns a motion to dismiss the debtor's bankruptcy petition. This Court possesses the authority to enter a final judgement in a core proceeding "arising under title 11" consistent with Article II of the United States Constitution. *See Stern v. Marshall*, 564 U.S. 462, 474–75 (2001); *see also In re Fairfield Sentry Ltd. Litig.*, 458 B.R. 665, 674 (S.D.N.Y. 2011) (proceedings arise under title 11 "when the cause of action or substantive right claimed is created by the Bankruptcy Code"). Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

## DISCUSSION

### A. Legal Standard

Section 1112(b)(1) of the Bankruptcy Code provides that a case may be dismissed "for cause." Section 1112(b)(4) sets forth numerous specific examples of "cause," but that list is illustrative, not exhaustive. *See In re C-TC 9th Ave. P'ship*, 113 F.3d 1304, 1311 (2d Cir. 1997). Courts have determined that a finding that a bankruptcy case was filed in bad faith can constitute "cause" for dismissal under section 1112(b). *See In re AAGS Holdings LLC*, 608 B.R. 373, 382

7

(Bankr. S.D.N.Y. 2019); *see also In re SGL Carbon Corp.,* 200 F.3d 154, 160 (3d Cir. 1999) (collecting cases); *C-TC*, 113 F.3d at 1310.

"The standard in this Circuit is that a bankruptcy petition will be dismissed if both objective futility of the reorganization process and subjective bad faith in filing the petition are found." *In re Kingston Square Assocs.*, 214 B.R. 713, 725 (Bankr. S.D.N.Y. 1997) (emphasis omitted). The inquiry of whether a debtor filed in bad faith "depends upon 'the totality of the circumstances, and involves finding an intent to abuse the judicial process, and the purpose of the reorganization process.'" *In re JJ Arch LLC.*, 663 B.R. 258, 281 (Bankr. S.D.N.Y. 2024) (citing *Clear Blue Water, LLC v. Oyster Bay Mgmt. Co.*, LLC, 476 B.R. 60, 68 (E.D.N.Y. 2012)). Courts will hold that "[a] petition is filed in bad faith 'if it is clear that on the filing date there was no reasonable likelihood that the debtor intended to reorganize and no reasonable probability that it would eventually emerge from bankruptcy proceedings.'" *In re AAGS Holdings LLC*, 608 B.R. at 382–83 (quoting *Baker v. Latham Sparrowbush Assocs. (In re Cohoes Indus. Terminal, Inc.)*, 931 F.2d 222, 227 (2d Cir. 1991)).

Courts in the Second Circuit examine a number of factors that are viewed as indicative of a bad faith filing:

> (1) the debtor has only one asset;
> (2) the debtor has few unsecured creditors whose claims are small in relation to those of the secured creditors;
> (3) the debtor's one asset is the subject of a foreclosure action as a result of arrearages or default on the debt;
> (4) the debtor's financial condition is, in essence, a two party dispute between the debtor and secured creditors which can be resolved in the pending state foreclosure action;
> (5) the timing of the debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the debtor's secured creditors to enforce their rights;
> (6) the debtor has little or no cash flow;
> (7) the debtor can't meet current expenses including the payment of personal property and real estate taxes; and
> (8) the debtor has no employees.

8

*C–TC*, 113 F.3d at 1311 (quoting *Pleasant Pointe Apartments, Ltd. v. Kentucky Hous. Corp.*, 139 B.R. 828, 832 (W.D. Ky. 1992)).

In considering the above-listed factors, courts should not apply the factors mechanically but rather consider all the facts and circumstances of the case as no one factor is determinative. *See Id.* at 383 (citations omitted). Courts have concluded that a debtor filed its chapter 11 petition in good faith when the debtor was experiencing a difficult financial situation and needed to reorganize, but courts have also found that a debtor filed its petition in bad faith when the debtor had no reason to reorganize or rehabilitate and the petition was filed "merely [to] attempt to avoid litigating issues in state court." *Fraternal Composite Servs. v. Karczewski*, 315 B.R. 253, 257 (N.D.N.Y. 2004).

### B. Analysis

Applying the *C-TC* factors governing dismissal due to bad faith pursuant to section 1112(b) of the Bankruptcy Code, the Court finds that several of the factors are present, and while some are not, the facts and circumstances surrounding the case demonstrate that Debtor is not engaged in a good-faith effort to reorganize through the bankruptcy process. Dismissal therefore is warranted.

Debtor's bankruptcy case is essentially a two-party dispute between Debtor and the SEC, and the timing of this filing (and his previous filings) indicates Debtor's attempt to evade or at least delay the SEC's post-judgement discovery requests. Debtor in his Petition claims to have no assets and total gross income of less than $40,000 per year. Additionally, the debt that he owes to the SEC pursuant to the consent judgment constitutes approximately 97% of the total amount of his debt at issue in this bankruptcy case. *See Declaration About Individual Debtor's Schedules*, Dkt. No. 10. According to the claims register, the following claims, in addition to the SEC claim, have been asserted against the Debtor: 1) a $345,498 claim by Krupnick Firm for legal services related to the SEC litigation; 2) a $39,104.70 claim by the U.S. Department of Education; 3) a

disputed $1,698.75 claim by Merrick Bank; and 4) a $3,689.40 claim by the NYS Department of Taxation and Finance. Although not on the claims register, PSE&G is listed as a creditor for an unknown amount in the Debtor's schedules.

Thus, *C-TC* factors one (debtor has just one asset – here actually none), four (debtor presents a two-party dispute that can be resolved in a non-bankruptcy forum), and six (debtor has little or no cash flow) are present and weigh in favor of a bad-faith finding. *See In re Ancona*, No. 14-10532 (MKV), 2016 WL 7868696, at **4–5 (Bankr. S.D.N.Y. Nov. 30, 2016) (holding debtor filed bankruptcy petition in bad faith where debtor's case was essentially a two-party dispute and unsecured claims by non-insiders constituted a minimal portion of total debt); *In re Reyes*, No. 14-13233 (SMB), 2015 WL 4624156, at **5–6 (Bankr. S.D.N.Y. Aug. 4, 2015) (dismissing chapter 11 debtor's petition for cause on finding of bad faith where debtor had one asset, the petition was filed shortly before a state court hearing to sell debtor's property, and there were few other unsecured creditors). *Contrast In re SPAC Recovery Co.*, No. 25-12109 (JPM), 2026 WL 323115, at *7 (Bankr. S.D.N.Y. Feb. 6, 2026) (finding bankruptcy case was not a two-party dispute where there were substantial other unsecured claims totaling over $5,000,000).

Furthermore, the timing of Debtor's voluntary petition as well as his prior bankruptcy filings reflects an intention to frustrate the SEC's lawful pursuit of information in order to enforce the consent judgment. Debtor filed his current bankruptcy case shortly before an upcoming deposition in connection with the SEC Civil Enforcement Action and after the SEC submitted evidence to the district court as to what appeared to be undisclosed bank accounts. *See Declaration in Support of Motion to Dismiss*, Exs. 4 & 5, Dkt. No. 28 (SEC letter to the district court outlining ongoing discovery disputes with Debtor). While not dispositive, the filing of a bankruptcy petition immediately after an adverse ruling or circumstance in a separate litigation can indicate a bad faith

filing. *See In re Ancona*, 2016 WL 7868696, at *6 (finding debtor filed bankruptcy petition in bad faith where timing of bankruptcy filing indicated an intent to delay upcoming damages trial). Chapter 11 is not meant to serve as a new forum to re-adjudicate issues already present in an ongoing two-party litigation, and filing a petition for that purpose is an indication of bad faith. *See In re JJ Arch LLC.*, 663 B.R. at 283–84 (holding that debtor filed bankruptcy in bad faith where facts and circumstances indicated an intent to avoid an ongoing state court proceeding); *In re Syndicom Corp.*, 268 B.R. 26, 50–51 (Bankr. S.D.N.Y. 2001) (granting motion to dismiss under section 1112(b) where debtor filed bankruptcy after the issuance of a warrant of eviction, evidencing an intent to thwart possession efforts); *In re HBA East, Inc.*, 87 B.R. 248, 260 (Bankr. E.D.N.Y. 1998) ("Chapter 11 was never intended to be used as a fist in a two party bout. The Chapter is entitled reorganization and not litigation.").

Here, the SEC's money judgment has been declared non-dischargeable debt by the EDNY Bankruptcy Court in a decision that the district court affirmed. *See Ribotsky v. S.E.C.*, No. 25-cv-00349 (JMA) (E.D.N.Y. Mar. 3, 2026), ECF No. 16 (affirming bankruptcy court's finding that the money judgement was "for the violation of the Federal securities laws" and therefore non-dischargeable pursuant to section 523(a)(19) of the Bankruptcy Code). The Debtor's expressed dissatisfaction with the SEC's collection-related discovery efforts can and should be addressed in the district court that is presiding over the SEC matter, and the timing and lack of substance of Debtor's filing here strongly indicates that Debtor filed this bankruptcy case with the sole intention of impeding the SEC's collection efforts. As noted, this Court makes no findings as to the veracity of the SEC's claim that Debtor has allegedly maintained and benefitted from undisclosed assets; that inquiry is best resolved within the ongoing litigation in the district court, and is unnecessary to this Court's decision. *See In re Wally Findlay Galleries (New York) Inc.*, 36 B.R. 849, 851

11

(Bankr. S.D.N.Y. 1984) (dismissing chapter 11 petition for cause where debtor "did not file its petition to reorganize, but rather as a litigation tactic" in dispute with its creditors). For all of these reasons, *C-TC* factor five is present here and supports the finding of bad faith.

Additionally, *C-TC* factor eight also applies because the Debtor has no employees, thus further suggesting that Debtor has no business or (according to his own submissions) other economic activity or interests to preserve, which in turn is suggestive of a bad faith finding. *See C-TC*, 113 F.3d at 1312.

The Court is unpersuaded by the cases cited and arguments raised in the Oppositions. First, although Debtor and Krupnick correctly observe that most bad-faith filing dismissals are of single-asset real estate cases, *see* Opposition at 23, the *C-TC* framework and the possibility of dismissal of bad faith filings apply in other types of cases. *See, e.g.*, *In re Ancona*, 2016 WL 7868696, at *4 n.2 (applying the *C-TC* factors outside the single-asset real estate context, where the case was essentially a two-party dispute with a creditor who had "by far, the most significant claim" in the debtor's case).

The objectors also argue that dismissal is not warranted because a debtor's desire to obtain a litigation advantage, by itself, does not establish cause under section 1112(b) of the Bankruptcy Code. That may be true at least when a bankruptcy case serves some reorganization or debt-resolution purpose, but bad faith is present and dismissal is appropriate where a petition is filed solely for litigation advantage, with no legitimate bankruptcy purpose. *See In re SPAC Recovery Co.,* 2026 WL 323115, at **5–6 ("Crucially, the inquiry is not whether litigation considerations played *any* role in the filing, but whether the petition was filed *solely* to obtain an improper litigation advantage"); *In re Anmuth Holdings LLC,* 600 B.R. 168, 193 (Bankr. E.D.N.Y. 2019) (finding "bad faith is manifest" where "a petition is filed as a litigation tactic, solely to avoid the

12

consequences of an adverse state court decision"). And here, viewing the totality of the circumstances, this case was filed solely to obtain a tactical litigation advantage in what is essentially a two-party dispute and does not present a viable path forward for reorganization given Debtor's low acknowledged income and the established nondischargeability of approximately 97% of his debt. *See C-TC*, 113 F.3d at 1309–12 (holding that filing a bankruptcy petition as a mere litigation tactic in a two-party dispute is an "impermissible use of Chapter 11") (quoting *In re Wally Findlay Galleries (New York) Inc.*, 36 B.R. at 851). Debtor's circumstances stand in stark contrast to cases where there is a "clear, quick plan out of the chapter 11." *Compare In re AAGS Holdings* LLC, 608 B.R. at 383–84 (Bankr. S.D.N.Y. 2019) (denying motion to dismiss where debtor had already filed a plan and had obtained financing to demonstrate a viable path forward). Nor has the debtor demonstrated any prospect of a sale (he has no disclosed assets to sell) or other means of compensating his creditors adequately to achieve a confirmable plan. *Contrast In re JPA No. 111 Co., Ltd.*, No. 21-12075 (DSJ), 2022 WL 298428, at *11 (Bankr. S.D.N.Y. Feb. 1, 2022) (denying motion to dismiss where debtors were in active pursuit of an expedited sales process to satisfy the claims of creditors).

In sum, several of the *C-TC* factors are present and support the finding of bad faith. Accordingly, the SEC has demonstrated that "cause" exists to dismiss or convert Debtor's bankruptcy case pursuant to section 1112(b) of the Bankruptcy Code.

Where cause is present, Bankruptcy Code Section 1112(b)(1) instructs the Court either to convert the case for cause or to dismiss it, "whichever is in the best interest of creditors and the estate." Here the Court readily concludes that dismissal is the superior option. There are no visible assets for a Chapter 7 trustee to administer and the Debtor's estate is saddled with an established nondischargeable $14.5 million liability. Creditors' interests will best be served by eliminating the

13

impediment that a pending bankruptcy case presents to the SEC's return to the district court presiding over its case, and other creditors will not be meaningfully disadvantaged by a dismissal rather than a conversion of this case.

The Court now turns to the SEC's request for dismissal with prejudice. Section 349(a) provides that "[u]nless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title." 11 U.S.C. § 349(a). Relatedly, section 109(g) provides in relevant part: "[n]otwithstanding any other provision of this section, no individual ... may be a debtor under this title who has been a debtor in a case pending under this title at any time in the proceeding 180 days if— (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title." 11 U.S.C. § 109(g).

Nonetheless, "[t]he Second Circuit, and all other circuits except the Tenth Circuit, recognize the authority of the bankruptcy courts to sanction bad-faith serial filers by prohibiting future bankruptcy filings for longer periods of time than the 180 days specified by Section 109(g)." *In re D&G Constr. Dean Gonzalez, LLC,* 635 B.R. 232, 240 (Bankr. E.D.N.Y. 2021) (citing *In re Casse*, 198 F.3d 327, 337–38 (2d Cir. 1999) (collecting cases)). "Cause [under Section 349(a)] exists to prohibit debtors from filing petitions for periods of time exceeding 180 days in cases of serial filers and their bad faith abuse of the bankruptcy process." *Id* (internal citations omitted). Here, based on the facts and circumstances of this case detailed above, the Court concludes that

Debtor's repeated filings—five in all—indicate a bad faith abuse of the bankruptcy process and warrant a dismissal of this case with prejudice to refiling under any chapter of the Bankruptcy Code for a period of one year from entry of this decision, to allow the SEC time to finalize its discovery and collection efforts. This one-year bar may be further extended by this Court for cause shown upon an application by the SEC if it believes circumstances warrant, with such an extension being subject to notice to Ribotsky and an opportunity for him to object. The Court contemplates that a demonstrated pattern of obstruction or failure to engage with the SEC in good faith may constitute cause to further extend the "with prejudice" period.

To the extent this Decision and Order does not specifically address any arguments raised by the Debtor or Krupnick, those arguments are rejected.

## **CONCLUSION**

For the reasons stated above, the SEC's motion to dismiss Debtor's bankruptcy case is GRANTED with prejudice as to further bankruptcy filings for one year, with the length of that period subject to extension by the Court as described above. Consequently, Debtor's Motion to Extend the Automatic Stay pursuant to section 362(c)(3)(B) is DENIED as moot.

IT IS SO ORDERED.

Dated: New York, New York
       April 17, 2026

_____*s/ David S. Jones*_____
Honorable David S. Jones
United States Bankruptcy Judge